IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIKIYA NELSON, AS MOTHER | ) | |
| AND NEXT FRIEND | ) | |
| OF D.C., A MINOR, | ) | |
| | ) | |
| | ) | NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROUND LAKE AREA | ) | |
| SCHOOL DISTRICT | ) | JURY DEMANDED |
| No. 116 , RYAN HAWKINS | ) | |
| AND RAY PORTEN, individually | ) | |
| and as employees of District 116 | ) | |
| Defendants. | ) | |

COMPLAINT

NOW COMES the Plaintiff, NIKIYA NELSON, as mother, next friend and guardian of the minor child, D.C, by and through her attorneys, Phillip L. Coffey and Elizabeth A. Vitell, The Law Offices of Phillip L. Coffey, LLC, and in support of her Complaint against Defendants Round Lake School District No, 116, Ryan Hawkins and Ray Porten states as follows:

INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress deprivations of rights, under color of law, secured by the Constitution of the United States of America. This action contains an attendant State claim.

JURISDICTION AND VENUE

1

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a) and venue in this District is proper pursuant to U.S.C. §1391(b) because the facts giving rise to the claim occurred in the Northern District of Illinois.

## PARTIES

3. Plaintiff Nikiya Nelson is the mother, custodian and guardian of the minor child, D.C., born in 1999, and a citizen of the United States, who resides in Round Lake Beach, Illinois.

4. Defendant Round Lake Area School District No 116 is a local governmental educational unit charged with the administration of several schools, including Round Lake Middle School, in which the minor child was enrolled at all times relevant to this Complaint, and subject to the supervision of the Lake County, Illinois Regional Board of Education.

5. Defendant Ryan Hawkins is an employee of Round Lake Middle School, one of the schools that comprise Round Lake Area School District No. 116, who at all times relevant to this Complaint, served as Principal of Round Lake Middle School.

6. Defendant Ray Porten is an employee of Round Lake Middle School, one of the schools that comprise Round Lake Area School District No. 116, who at all times relevant to this Complaint, served as Assistant Principal of Round Lake Middle School.

7. At all times relevant hereto, Ryan Hawkins and Ray Porten acted under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, Lake County and Round Lake Area School District No. 116, and within the scope of their employment with Round Lake Area School District No. 116 and Round Lake Middle School.

## FACTS

8. On or about April 20, 2012, the minor D.C. reported to class at Round Lake Middle School, as was his usual custom.

9. During the fourth period of the school day, Defendant Ray Porten, (Porten) Assistant Principal, went to D.C.'s classroom and escorted him out of class.

10. Defendant Porten took D.C. to a conference room with uncovered windows facing a hallway, in which Defendant Ryan Hawkins, Principal (Hawkins) and another unknown staff member were already present and asked D.C. if he had anything on his person that did not belong in school.

11. D.C. responded that he did not have anything that did not belong in school, whereupon Defendant Porten instructed D.C. to remove his shoes and D.C. complied.

12. Defendant Porten proceeded to instruct D.C. to lift up his shirt, displaying his bare chest and torso and D.C. complied.

13. Defendant Porten further instructed D.C. to pull down his pants and underwear and to lift up his genitals to allow visual inspection and D.C. complied.

14. The strip search of D.C. revealed no contraband.

15. Following the strip search, Defendants Porten and Hawkins escorted D.C. to his locker, which they searched and found no contraband.

16. After the strip search and locker search, Defendants Porten and Hawkins returned D.C. to his regularly scheduled class.

17. At the end of the school day, D.C. went home and told his mother about the searches.

18. Plaintiff Nikiya Nelson, (Nelson) D.C.'s mother, has never received an official notification of the search performed on April 20, 2012 from any staff or faculty employed by Round Lake Middle School or Round Lake Area School District No. 116.

19. On April 21, 2012, Plaintiff Nelson went to the Round Lake Police Department, where she attempted to file a report regarding the strip search incident; however, police personnel refused to generate a report.

20. After the search, D.C. felt afraid to go to school and stayed at home the Monday following the incident, April 23, 2012.

21. D.C. returned to school on or about Tuesday, April 24, 2012.

22. In the days between the strip search and D.C.'s return to school, Plaintiff Nelson received a telephone call from the Round Lake Police Department in which she was asked to meet with the police regarding the incident, but due to her schedule, Plaintiff Nelson could not attend on that particular day.

23. Two or three days after his return to school, a Round Lake Police officer[1] took D.C. out of his classroom and questioned him alone.

24. Subsequently, Plaintiff Nelson received another call from the Round Lake Police officer who, upon information and belief, informed her that school officials should not have conducted the search without his presence.

25. At all times relevant hereto, Defendants, Ryan Hawkins and Ray Porten, acted under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, Lake County and Round Lake Area School District No. 116, and within the scope of their employment with Round Lake Area School District No. 116 and Round Lake Middle School.

---

[1] Upon information and belief, the police officer in question is regularly assigned to Round Lake Middle School during his daily tours of duty.

COUNT I – 42 USC SECTION 1983- FOURTH AMENDMENT

26. Each of the foregoing paragraphs of this Complaint is incorporated as if fully restated herein.

27. As a public school student, D.C. had a constitutional right to be free from unreasonable search and seizure of his person, and as described in the foregoing paragraphs, Defendants Porten and Hawkins violated this right.

28. Upon information and belief, the only information that Defendants Porten and Hawkins had prior to the strip search to which they subjected D.C. was a statement from a student alleging to have overheard that D.C. and another student "had marijuana."

29. Acting on nothing more than the allegation described in Paragraph 28, Defendants Porten and Hawkins proceeded directly to the strip search and failed to first perform a less intrusive search of his outer clothing or possessions.

30. Without reasonable suspicion that D.C. had secreted contraband beneath his clothing or under his genitals or that he posed a danger to other students, Defendants Porten and Hawkins, under color of authority, forced D.C. to bare his chest, torso and groin, in violation of the prohibition against unreasonable searches guaranteed by the Fourth Amendment to the United States Constitution.

31. In addition to the absence of reasonable suspicion of danger or that D.C. had hidden contraband in beneath his inner clothing, the strip search to which Defendants Porten and Hawkins subjected D.C. was excessively intrusive in light of his age and the nature of the suspected infraction.

32. As a direct and proximate cause of this Constitutional violation, D.C. was caused to suffer mental anguish, humiliation and emotional distress.

WHEREFORE, Plaintiff Nikiya Nelson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,00.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just and equitable.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Paragraphs 1 through 26 are incorporated as if fully restated herein.

34. The conduct of Defendants Porten and Hawkins in subjecting D.C. to a strip search was extreme, outrageous and excessive in that they forced a pre-adolescent child to expose his genitals in front of three adult males in a room with windows that allowed him to be viewed by other individuals, causing him to experience intense shame, humiliation, fear and embarrassment.

35. Defendants Porten and Hawkins, as middle school educators and administrators familiar with the sensibilities of pre-adolescent children who held positions of power over Demeko, knew that there was a high probability that their conduct would cause him to suffer severe emotional distress.

36. Defendants Porten and Hawkins acted with a conscious disregard for the consequences of their conduct in subjecting D.C. to the strip search.

37. D.C. suffered severe emotional distress as manifested by his fear, initial inability to return to school and ongoing emotional issues proximately caused by the actions of Defendants Porten and Hawkins.

38. The strip search to which Defendants Porten and Hawkins subjected D.C. did not constitute a legitimate school activity performed by educators and their conduct was willful and wanton.

39. The failure of Defendants Porten and Hawkins to notify Plaintiff Nelson that they had strip-searched D.C. caused her to be unprepared to support, comfort and assist her child when he arrived home from school that day, thereby increasing his emotional trauma and distress and depriving him of the solace of an informed parent.

40. By arranging for or allowing the Round Lake Police Department officer who questioned D.C. to do so outside of the presence and without the knowledge of his mother, Defendants Porten and Hawkins inflicted additional, unwarranted and severe emotional distress upon him.

  WHEREFORE, Plaintiff Nikiya Nelson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,00.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just and equitable.

Respectfully submitted:

Phillip L. Coffey
Elizabeth A. Vitell
The Law Offices of Phillip L. Coffey, L.L.C.
53 W. Jackson Blvd., Suite 425
Chicago, Illinois 60604
evitelllaw@gmail.com
773-914-4914